Mark J. D'Argenio (State Bar No. 238006)
mdargenio@wshblaw.com
Alan C. Nolley (State Bar No. 263436)
anolley@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
1401 Willow Pass Road, Suite 700
Concord, California 94520-7982
Phone: 925 222 3400 ♦ Fax 925 356 8250

Scott L. Davis (TX State Bar No. 05547030)
sdavis@gardere.com
Matthew J. Schroeder (TX State Bar No. 00791619)
mschroeder@gardere.com
Sara Nau (TX State Bar No. 24083551)
snau@gardere.com
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street, Suite 3000
Dallas, TX 75201
Phone: (214) 9993000 ♦ Fax 214 999 4667

Attorneys for Plaintiff AIG SPECIALTY INSURANCE COMPANY

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

AIG SPECIALTY INSURANCE COMPANY, an Illinois corporation, as subrogee of Global Loss Prevention, Inc.,

Plaintiff,

v.

IRON MOUNTAIN MINES, INC. and JOHN H. McKINLEY, as ADMINISTRATOR OF THE WILL AND ESTATE OF THEODORE W. ARMAN, DECEASED,

Defendants.

Case No. 2:15-CV-00798-WBS-DAD

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER ALLOWING SERVICE UPON THE SECRETARY OF STATE OF CALIFORNIA FOR DEFENDANT IRON MOUNTAIN MINES, INC.**

DATE: June 15, 2015
TIME: 2:00 p.m.
COURTROOM: 5
JUDGE: Hon. William B. Shubb

## I. INTRODUCTION

This case is a civil action for subrogation under Section 112(c)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), as amended, 42 U.S.C. sections 9601-9675. The property at issue for this action is the Iron Mountain Mine Superfund site in Shasta County, California ("Site" or "Iron Mountain Site"). Plaintiff AIG

Specialty Insurance Company's ("Plaintiff") Complaint was filed on April 13, 2015.

Plaintiff brings this Motion for an Order Allowing Service Upon the Secretary of State of California for Defendant Iron Mountain Mines, Inc., pursuant to California Corporations Code section 1702 and California Code of Civil Procedure section 416.10, under which this Court may order personal delivery of service of process upon the Secretary of State of California for corporate entities whose officers or agents for service of process cannot be located with reasonable diligence.

Plaintiff respectfully requests that the Court issue an order allowing service of process on Defendant by personal delivery to the Secretary of State. As substantiated by the accompanying Declarations of Matthew J. Clary and Alan C. Nolley, despite exhaustive, diligent and good faith efforts, to date, Plaintiff has been unable to locate an appropriate agent for service of process for Defendant Iron Mountain Mines, Inc. ("Defendant"). Since the date of the filing of its Complaint, Plaintiff has diligently attempted to serve the summons and complaint on Defendant. Specifically, Plaintiff has attempted to serve Defendant at the address listed with the California Secretary of State. However, Defendant is no longer located at that address. Further, the agent for service of process at the address maintained with the Secretary of State is now deceased. Defendant has failed to provide a current physical address and failed to provide contact information for a replacement agent for service of process, as required under California Corporations Code, when it updated its records with the California Secretary of State.

Plaintiff has attempted to find another address where it can locate Defendant, but has been unable to do so. Plaintiff has no alternative but to ask this Court for an order authorizing it to serve Defendant with the Summons and Complaint by hand delivery to the California Secretary of State. Under these circumstances, the Court should grant this Motion and issue an order authorizing service of the Summons and Complaint to be made upon the California Secretary for Defendant.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

## II. ARGUMENT

### A. Relevant Law Governing Service of Process on Defendant Iron Mountain Mines, Inc.

Service on domestic or foreign corporations from which a waiver of service has not been obtained and filed can be effected in the manner prescribed for service of individuals by Federal Rule 4(e)(1), or by delivering the summons and complaint to an officer, managing or general agent, or other legally-authorized agent in compliance with the relevant statute. Fed. R. Civ. P 4(h)(1). Rule 4(e)(1) provides that service may be effected in any United States judicial district pursuant to the laws for service of summons of the state in which the district court is located. Fed. R. Civ. P. 4(e)(1). Accordingly, the rules for service of process on dissolved or suspended corporations, or corporations whose authorized agents cannot with due diligence be located, are supplied by California law in this case.

California Code of Civil Procedure section 416.10 provides that a summons may be served on a corporation as authorized by the California Corporations Code:

> A summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:
>
> (a) To the person designated as agent for service of process as provided by any provision in Section 202, 1502, 2105, or 2107 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable).
> [...]
> (d) If authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable), as provided by that provision.

California Corporations Code section 1702(a) provides for service of a summons by hand delivery to the Secretary of State where a plaintiff shows reasonable diligence in attempting to serve the corporate defendant but is unsuccessful:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure

> or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Plaintiff hereby requests that the Court order service of the summons and complaint by hand delivery on the Secretary of State because the summons and complaint cannot be served on Defendant, despite reasonable diligence by Plaintiff. (*See* Declaration of Alan C. Nolley ("Nolley Decl.") and Declaration of Matthew J. Clary ("Clary Decl."), generally.) As stated above, California Corporations Code section 1702(a) provides for service of a summons and complaint on the Secretary of State if the plaintiff shows that even with reasonable diligence the agent for service of process cannot be served.

**B. <u>Plaintiff Has Made Exhaustive, Diligent and Good Faith Efforts, But Has Been Unable To Obtain a Waiver of Service or Locate an Appropriate Agent For Service of Process for Defendant Iron Mountain Mines, Inc.</u>**

Process Server, First Legal Support Services, was retained by Wood, Smith, Henning & Berman (counsel of record for Plaintiff) to locate and serve Defendant with Plaintiff's Summons and Complaint. Despite exhaustive, diligent, and good faith attempts, Plaintiff has been unable to effectuate service of its Complaint on Defendant. (*See* Clary Decl., ¶¶ 2, 3)

Concurrently with First Legal's efforts, Alan C. Nolley, an attorney at Wood, Smith, Henning & Berman, also attempted to locate Defendant's current business and mailing addresses and agent(s) for the purpose of serving Defendant with Plaintiff's Summons and Complaint. Specifically, his exhaustive, diligent and good faith efforts included searching the databases of the Secretary of State Division of Corporations, Westlaw public records search, social networking databases, and checking with directory assistance and all local telephone books. Mr. Nolley's diligent attempts to locate viable mailing and business addresses for Defendant and to locate the addresses for Defendant's agent(s) were also unsuccessful. (*See* Nolley Decl., ¶3.) The agent designated with the Secretary of State for service of process upon the Defendant is now deceased. (*See* **Exhibit "A"** to Clary Decl., ¶5)

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

According to the Corporation and Business Registration records, Defendant's current principal owner is T.W. Arman. (See **Exhibit "B"** to Clary Decl., ¶6.) Per California Code of Civil Procedure section 416.20 (b)., First Legal Support attempted service on T.W. Arman at his current addresses according to public records without success. Upon attempt on April 17, 2015, First Legal's process server was notified that owner T.W. Arman is now deceased. (See **Exhibit "C"** to Clary Decl., ¶7.)

Plaintiff has no other options but to ask this Court for an order authorizing it to serve Defendant by hand delivery to the California Secretary of State pursuant to California Code of Civil Procedure section 416.10 and California Corporations Code section 1702(a).

### C. <u>Defendant Iron Mountain Mines, Inc. Failed To Provide Its Current Address to the Secretary of State.</u>

Defendant is no longer located at the physical address it provided to the Secretary of State and Defendant failed to provide a forwarding address and/or contact information for Defendant's subsequent agent for service due to its listed agent for service of process being deceased. Pursuant to California Corporations Code section 1502, Defendant is required to submit an annual form to the California Secretary of State, which provides its current physical address. Defendant has failed to provide a current address or address and contact information for a living agent for service of process. Plaintiff should not be disadvantaged by Defendant's failure to provide the requisite information to the California Secretary of State, as the address listed with the Secretary of State is clearly no longer a valid address for the corporation and the currently listed agent for service of process is deceased.

### D. <u>Plaintiff Has Alleged Injuries and Damages That Implicate Defendant Iron Mountain Mines, Inc.</u>

Plaintiff's Complaint in this matter specifically include claims related to the Defendant's ownership of and operations at the subject property and Plaintiff is entitled to pursue its rights against Defendant related to these claims. (See Nolley Decl., ¶5.) In order to pursue its rights related to this litigation against Defendant, Plaintiff needs to successfully serve this party through the California Secretary of State.

**E. <u>To Promote Fairness and in Furtherance of Justice, This Court Is Authorized To Allow Service of the Summons and Complaint Against Defendant Iron Mountain Mines on the Office of the California Secretary of State.</u>**

California Corporation Code section 1702 (a) states in pertinent part:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.20 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b), or (c) of Section 416.10 or subdivision (a) Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State 's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served. . .

Based on the foregoing, this Court is authorized to order service of Plaintiff's Summons and Complaint on the Office of the Secretary of State on behalf of Defendant.

**F. <u>Plaintiff Has Demonstrated Exhaustive, Diligent and Good Faith Efforts To Serve Its Summons and Complaint on Defendant and Plaintiff Should Be Permitted To Effectuate Service Through the Office of the Secretary of State.</u>**

Plaintiff has acted in good faith at all times throughout the course of this litigation. Since the time Plaintiff filed its Summons and Complaint against Defendant, Plaintiff has exhausted any and all remedies in trying to locate and serve Defendant. All of Plaintiff's exhaustive, diligent, and good faith efforts have been unsuccessful. If service is not properly effectuated through the California Secretary of State, Plaintiff will be severely prejudiced in its ability to recover on its Complaint.

**III. <u>CONCLUSION</u>**

In light of Federal and California law and rules of civil procedure allowing service of a corporation through the Secretary of State, Plaintiff's due diligence, Plaintiff's good faith in bringing this Motion and based on the accompanying Declarations of Alan C. Nolley and Matthew J. Clary, Plaintiff respectfully requests that this Court grant this Motion for an Order authorizing service of Plaintiff's Summons and Complaint on the California Secretary of State on behalf of

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250

Defendant Iron Mountain Mines, Inc.

DATED: May 11, 2015

WOOD, SMITH, HENNING & BERMAN LLP

By: /s/Mark J. D'Argenio
MARK J. D'ARGENIO
ALAN C. NOLLEY
Attorneys for Plaintiff AIG SPECIALTY INSURANCE COMPANY

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
1401 WILLOW PASS ROAD, SUITE 700
CONCORD, CALIFORNIA 94520-7982
TELEPHONE 925 222 3400 ♦ FAX 925 356 8250