UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AIG SPECIALTY INSURANCE COMPANY, an Illinois corporation, as subrogee of Global Loss Prevention, Inc.<br><br>   Plaintiff,<br><br> v.<br><br>IRON MOUNTAIN MINES, INC. and JOHN H. McKINLEY, as Administrator of the Will and Estate of Theodore W. Arman, Deceased,<br><br>   Defendants. | CIV. NO. 2:15-00798 WBS DAD<br><br>ORDER |

----oo0oo----

   Plaintiff AIG Specialty Insurance Company brought this action under § 112(c)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. §§ 9601-9675, against defendants Iron Mountain Mines, Inc. ("IMMI") and John H. McKinley to seek recovery of costs incurred in response to the releases and disposal of hazardous substance for

1

which defendants were previously found liable.  Plaintiff now moves for an order permitting service on IMMI through the California Secretary of State.[1]  (Docket No. 11.)

        Federal Rules of Civil Procedure 4(h) and 4(e) allow service on a corporation in accordance with the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1), (h).  Under California Civil Procedure Code section 416.10, a summons may be served on a corporation by delivering it to the person designated as the agent for service or to one of the corporation's officers.  Cal. Civ. Proc. Code § 416.10(a), (b).  However, California Corporations Code section 1702(a) provides that (1) if an agent has resigned, cannot be found, or has not been designated, and (2) if process cannot be served with reasonable diligence upon the designated agent or upon the corporation under sections 416.10(a) or (b), the court may issue an order permitting service by personal delivery to the Secretary of State.  Cal. Corp. Code § 1702(a).  Federal courts in the Ninth Circuit have applied the section 1702(a) exception. See, e.g., Accor Franchising N. Am v. Elohim Enter., Civ. No. 2:12-762 GEB CKD, 2013 WL 310407, at *1 (E.D., Cal. Jan. 25, 2013); Pension Trust Fund for Operating Eng'rs v. Kickin Enter., Civ. No. 11:3685 JCS, 2012 WL 6711557, at *3-4 (N.D. Cal. Dec. 20, 2012); Pence v. Union Fid. Mortg., Civ. No. 08-89 WQH JMA, 2008 WL 5102242, at *1 (S.D. Cal. Dec. 2, 2008).

        Section 1702(a) applies in this case.  First, IMMI's designated agent for process is believed to be deceased, (Clary

---

[1] This motion was determined to be suitable for decision without oral argument pursuant to Local Rule 230(g).

Decl. ¶ 4; Noelly Decl. ¶ 4), making service on this individual impossible.  Neither was plaintiff able to serve officers of the corporation.  On plaintiff's behalf, First Legal Support Services made several attempts to locate and serve those officers at the business's address listed with the California Secretary of State.  (See Clary Decl. Exs. A, C.)  First Legal Support was unable to locate the entity or anyone affiliated with the entity.  (Clary Decl. ¶2.)  Plaintiff's counsel Alan C. Nolley also attempted to find a current address for IMMI and its agents by searching various public and social networking databases and directories, but was unsuccessful.  (Nolley Decl. ¶3.)  Based on these attempts, the court is satisfied that plaintiff has exercised reasonable diligence in attempting to serve IMMI's agent and officers.

     IT IS THEREFORE ORDERED that plaintiff's motion for an order allowing service on IMMI through the Secretary of California be, and the same hereby is, GRANTED.

     IT IS FURTHER ORDERED that the hearing set for June 15, 2015 be, and the same hereby is, VACATED.

Dated:  June 10, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE